```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF ALABAMA
                       SOUTHERN DIVISION

EMMA WALTERS,                    }
                                 }
     Plaintiff,                  }
                                 }      CIVIL ACTION NO.
v.                               }      06-AR-1094-S
                                 }
AUTOZONE, INC.,                  }
                                 }
     Defendant.                  }
```

## MEMORANDUM OPINION AND ORDER

Before the court is the motion of plaintiff, Emma Walters ("Walters"), to reconsider the court's granting of summary judgment. As grounds for reconsideration, Walters argues that the court erred in dismissing her retaliation claim upon erroneously finding that defendant Autozone Inc.'s ("Autozone") reduction in her hours did not constitute an "adverse employment action." Had Walters read the court's memorandum opinion of June 12, 2007 more carefully, she would have understood that the court resolved this issue in her favor. The undisputed facts nevertheless led the court to find that granting summary judgment was necessary. The court held:

> Only Autozone's reduction of Walters's actual hours arguably qualifies as an adverse employment action . . . . While it is true that Walters was approved to work five hours of overtime in Tarrant just as she was at Center Point, the actual number of hours she worked each week dropped from 50 to 45 after she transferred. This reduction in hours could be construed as an alteration of Walters's compensation or employment terms, although there is no evidence that Autozone ever promised Walters that it would schedule her to work her maximum number of approved overtime hours, so drawing the opposite

> conclusion would be just as reasonable. **Giving Walters the benefit of every doubt and assuming that the reduction in her actual hours constitutes an adverse employment action**, there is no evidence of any causal connection between her complaints to Autozone or the EEOC and the reduction in her hours. Walters correctly states the applicable legal standard — that a plaintiff must show that the decisionmaker was aware of the protected conduct, and that the protected activity and the adverse action were not wholly unrelated. *See Gupta*, 212 F.3d at 590. But Walters does not attempt to show that Burns or Thomas, the only individuals who made the scheduling decisions in Tarrant, had any idea that Walters had ever made any complaints about sexual harassment. Moreover, Walters testified that she does not recall ever speaking to Burns about Sherer or about her EEOC charge. Since there is no evidence of any causal connection between her complaints and her reduction in hours, Walters cannot establish a *prima facie* case of retaliation.

Mem. Op. dated June 12, 2007 (Doc. No. 45), at 11-12 (emphasis added).

Walters's motion for reconsideration is DENIED.

DONE this 27th day of June, 2007.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE